IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA – READING DIVISION

| | |
|---|---|
| IN RE:<br><br>ROBERT W. FISHER, JR.,<br><br>Debtor. | CHAPTER 7<br><br>BANKRUPTCY NO. 18-14020-REF |

## STIPULATION AND ORDER LIFTING AUTOMATIC STAY

This STIPULATION AND ORDER (the "Stipulated Order") is before the Court on the stipulation and agreement of Crane Cartage, LLC ("Crane") and Robert W. Fisher, Jr. ("Debtor" or "Fisher," with Crane collectively the "Parties") in the above captioned Chapter 7 Case to modify and lift the automatic stay. In support whereof, the Parties state as follows:

WHEREAS, on June 15, 2018, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"); and

WHEREAS, prior to the Petition Date, Crane filed a complaint against the Debtor and four additional defendants (the "Additional Defendants")[1] in the United States District Court for the Middle District of Pennsylvania (the "District Court") captioned Crane Cartage, LLC v. Robert W. Fisher, et al., Civ. Action No. 1:16-cv-00724 (the "Action") alleging, *inter alia*, that the Debtor caused damage to property belonging to and/or in control of Crane and that the Additional Defendants negligently hired and/or supervised the Debtor and breached their independent duties to Crane; and

---

[1] The Additional Defendants, Western York DC III f/k/a IIT York DC III, LLC, Cushman & Wakefield of Pennsylvania, Inc., East Coast Facilities, Inc., and Tradesman International, Inc., were all served with a copy of Crane's September 18, 2018 Motion for Relief From the Automatic Stay pursuant to 11 U.S.C. § 362 and Notice of the Hearing and Response Date, and have also been served with a copy of this Stipulation.

5325827

WHEREAS, the Action, which has been pending for over two (2) years, involves multiple parties in addition to the Debtor and is in the advanced stages of litigation; discovery is now closed and motions for summary judgment are pending; and

WHEREAS, on or about September 13, 2018, the District Court entered an Order staying the Action pending "further bankruptcy proceedings"; and

WHEREAS, on or about September 18, 2018, Crane filed a Motion for Relief from the Automatic Stay set forth in Section 362 of the Bankruptcy Code in the Bankruptcy Court seeking a modification of the automatic stay to permit Crane to sever all claims against the Debtor from its claims against the Additional Defendants and proceed only against the Additional Defendants and not against the Debtor;

WHEREAS, Crane will also agree not to pursue a finding of liability or a judgment for damages against the Debtor in the Action, and that any amounts recovered by Crane in the Action by a final order or settlement shall be recoverable solely from the available proceeds of insurance policies or from the Additional Defendants; and

WHEREAS, the Debtor is prepared to consent to a modification of the Automatic Stay on the terms and conditions specifically set forth herein.

NOW THEREFORE, IN CONSIDERATION OF THE FOREGOING, AND THE MUTUAL PROMISES, AGREEMENTS AND RELEASES CONTAINED HEREINAFTER, AND FOR OTHER GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND ADEQUACY OF WHICH IS HEREBY ACKNOWLEDGED, THE PARTIES, AND EACH OF THEM, INTENDING TO BE LEGALLY BOUND, AGREE AS FOLLOWS:

1. The foregoing wherefore clauses are hereby fully incorporated into and made an express part of this Stipulated Order.

2. The Automatic Stay is hereby modified solely to permit Crane to sever its claims against the Debtor from its claims against the Additional Defendants without further action of the

5325827

Bankruptcy Court, and to not pursue a finding of liability or a claim for judgment against the Debtor or the Debtor's bankruptcy estate, and that any claims(s) or judgment(s) obtained by Crane in the Action shall not be asserted as a Claim or Claims in the Debtor's Chapter 7 Case, or otherwise be enforceable against the Debtor.

3. The fourteen (14) day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived.

4. This Stipulated Order is subject to the approval of the Bankruptcy Court and shall not become effective against the Debtor unless and until it is "so-ordered" by the Bankruptcy Court.

5. Crane further agrees that Crane shall not seek any recovery from the Debtor or his estate for any amounts that may be awarded to Crane with respect to the Action. Nothing in this Order shall permit any party to establish liability or attempt to collect any prepetition debt from the Debtor or the Debtor's bankruptcy estate.

6. Except as otherwise provided herein, this Stipulated Order may not be modified other than by a signed writing executed by the Parties, or by a further order of the Bankruptcy Court.

7. Each party executing this Stipulated Order represents that such party has the full authority and legal power to do so.

8. This Stipulated Order may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the party hereto to be charged.

5325827

9. This Stipulated Order constitutes the entire agreement and understanding between the Parties relating to the subject matter herein and supersedes all previous or contemporaneous oral or written representations, understandings or agreements between the Parties.

10. The Parties agree that this Stipulated Order shall be governed by the Bankruptcy Code and/or the laws of the Commonwealth of Pennsylvania.

11. Except as specifically set forth herein, this Stipulated Order is not intended to be and shall not be deemed, construed, or treated in any respect as an admission of liability or wrongdoing by any person or entity for any purpose.

12. The terms and provisions of this Stipulated Order shall be construed in accordance with their plain meaning, without regard for any canons or principles of construction requiring interpretation against the party responsible for the preparation of same, or for any other inconsistent or contradictory canons or principles of construction.

13. The Bankruptcy Court shall retain jurisdiction over the subject matter of this Stipulated Order to resolve all disputes arising under or relating to this Stipulated Order.

14. This Stipulated Order shall in no way be construed to place nor shall it place any limitations on Crane's entitlement to pursue a recovery by settlement or judgment against the Additional Defendants named in the Action.

15. From time to time after the date hereof, each party will execute and deliver such instruments and documents and do such further acts as may be reasonably requested by the other party in order to carry out the purpose of this Stipulated Order.

16. The Parties respectfully request Bankruptcy Court approval of this Stipulated Order as an order of this Court modifying the automatic stay as set forth herein.

5325827

IN WITNESS WHEREOF, the Parties, by and through their counsel, intending to be legally bound, have caused this Stipulation to be executed on the date set forth below.

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

By: _____
Michael D. Vagnoni, Esquire
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: 215-665-3066
E-mail: michael.vagnoni@obermayer.com

Counsel to Crane Cartage, LLC

Dated: 10/2/18

VANORMER & ASSOCIATES

By: _____
for: Darrell N. VanOrmer, Jr., Esquire
344 South Market Street
Elizabethtown, PA 17022
Telephone: 717-367-6831
Email: dvanormeresq@aol.com
BY DANIEL A. STEFANSON, ESQ.
Counsel to Robert W. Fisher, Jr.

Dated: 10-2-2018

AND NOW, this ____ day of October, 2018, this Stipulated Order is hereby approved and entered as an Order by the Bankruptcy Court.

_____  **Date: October 4, 2018**
The Honorable Richard E. Fehling
Chief United States Bankruptcy Court Judge

5325827