United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 18-14020-ref
Robert W Fisher, Jr.                                                      Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4            User: SaraR              Page 1 of 1           Date Rcvd: Oct 04, 2018
                               Form ID: pdf900          Total Noticed: 3


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 06, 2018.
db              +Robert W Fisher, Jr.,   6284 Criswell Rd,   Honey Brook, PA 19344-9014
cr              +Crane Cartage, LLC,   c/o Michael D. Vagnoni, Esquire,   Obermayer Rebmann Maxwell & Hippel LLP,
                  Centre Square West,   1500 Market Street, Suite 3400,   Philadelphia, PA 19102-2131
cr              +Harley-Davidson Credit Corp,   14841 Dallas Parkway, Suite 425,   Dallas, TX 75254-8067

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0


          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 06, 2018                                  Signature:  /s/Joseph Speetjens

_____

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 4, 2018 at the address(es) listed below:
          CHRISTINE C. SHUBERT    christine.shubert@comcast.net,  J100@ecfcbis.com
          DARRELL N. VANORMER, JR.    on behalf of Debtor Robert W Fisher, Jr. dvanormeresq@aol.com
          KEVIN G. MCDONALD    on behalf of Creditor   Towd Point Mortgage Trust 2017-FRE2
           bkgroup@kmllawgroup.com
          MICHAEL D. VAGNONI    on behalf of Creditor   Crane Cartage, LLC michael.vagnoni@obermayer.com,
           Lucille.acello@obermayer.com;Alicia.sandoval@obermayer.com;angela.baglanzis@obermayer.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                        TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA – READING DIVISION

IN RE:                                    :
                                          :    CHAPTER 7
ROBERT W. FISHER, JR.,                    :
                                          :    BANKRUPTCY NO. 18-14020-REF
          Debtor.                         :
                                          :

### STIPULATION AND ORDER LIFTING AUTOMATIC STAY

This STIPULATION AND ORDER (the "Stipulated Order") is before the Court on the

stipulation and agreement of Crane Cartage, LLC ("Crane") and Robert W. Fisher, Jr. ("Debtor"

or "Fisher," with Crane collectively the "Parties") in the above captioned Chapter 7 Case to

modify and lift the automatic stay.  In support whereof, the Parties state as follows:

WHEREAS, on June 15, 2018, the Debtor  filed a voluntary petition for relief under

Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy

Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the

"Bankruptcy Court"); and

WHEREAS, prior to the Petition Date, Crane filed a complaint against the Debtor and

four additional defendants (the "Additional Defendants")[1] in the United States District Court for

the Middle District of Pennsylvania (the "District Court") captioned Crane Cartage, LLC v.

Robert W. Fisher, et al., Civ. Action No. 1:16-cv-00724 (the "Action") alleging, *inter alia*, that

the Debtor caused damage to property belonging to and/or in control of Crane and that the

Additional Defendants negligently hired and/or supervised the Debtor and breached their

independent duties to Crane; and

---

[1] The Additional Defendants, Western York DC III f/k/a IIT York DC III, LLC, Cushman & Wakefield of
Pennsylvania, Inc., East Coast Facilities, Inc., and Tradesman International, Inc., were all served with a copy of
Crane's September 18, 2018 Motion for Relief From the Automatic Stay pursuant to 11 U.S.C. § 362 and Notice of
the Hearing and Response Date, and have also been served with a copy of this Stipulation.

5325827

WHEREAS, the Action, which has been pending for over two (2) years, involves multiple parties in addition to the Debtor and is in the advanced stages of litigation; discovery is now closed and motions for summary judgment are pending; and

WHEREAS, on or about September 13, 2018, the District Court entered an Order staying the Action pending "further bankruptcy proceedings"; and

WHEREAS, on or about September 18, 2018, Crane filed a Motion for Relief from the Automatic Stay set forth in Section 362 of the Bankruptcy Code in the Bankruptcy Court seeking a modification of the automatic stay to permit Crane to sever all claims against the Debtor from its claims against the Additional Defendants and proceed only against the Additional Defendants and not against the Debtor;

WHEREAS, Crane will also agree not to pursue a finding of liability or a judgment for damages against the Debtor in the Action, and that any amounts recovered by Crane in the Action by a final order or settlement shall be recoverable solely from the available proceeds of insurance policies or from the Additional Defendants; and

WHEREAS, the Debtor is prepared to consent to a modification of the Automatic Stay on the terms and conditions specifically set forth herein.

NOW THEREFORE, IN CONSIDERATION OF THE FOREGOING, AND THE MUTUAL PROMISES, AGREEMENTS AND RELEASES CONTAINED HEREINAFTER, AND FOR OTHER GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND ADEQUACY OF WHICH IS HEREBY ACKNOWLEDGED, THE PARTIES, AND EACH OF THEM, INTENDING TO BE LEGALLY BOUND, AGREE AS FOLLOWS:

1.      The foregoing wherefore clauses are hereby fully incorporated into and made an express part of this Stipulated Order.

2.      The Automatic Stay is hereby modified solely to permit Crane to sever its claims against the Debtor from its claims against the Additional Defendants without further action of the

2

5325827

Bankruptcy Court, and to not pursue a finding of liability or a claim for judgment against the

Debtor or the Debtor's bankruptcy estate, and that any claims(s) or judgment(s) obtained by

Crane in the Action shall not be asserted as a Claim or Claims in the Debtor's Chapter 7 Case, or

otherwise be enforceable against the Debtor.

3.      The fourteen (14) day stay pursuant to Federal Rule of Bankruptcy Procedure

4001(a)(3) is waived.

4.      This Stipulated Order is subject to the approval of the Bankruptcy Court and shall

not become effective against the Debtor unless and until it is "so-ordered" by the Bankruptcy

Court.

5.      Crane further agrees that Crane shall not seek any recovery from the Debtor or his

estate for any amounts that may be awarded to Crane with respect to the Action.  Nothing in this

Order shall permit any party to establish liability or attempt to collect any prepetition debt from

the Debtor or the Debtor's bankruptcy estate.

6.      Except as otherwise provided herein, this Stipulated Order may not be modified

other than by a signed writing executed by the Parties, or by a further order of the Bankruptcy

Court.

7.      Each party executing this Stipulated Order represents that such party has the full

authority and legal power to do so.

8.      This Stipulated Order may be executed in counterparts and each such counterpart

together with the others shall constitute one and the same instrument, and it shall constitute

sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the party

hereto to be charged.

5325827

9.    This Stipulated Order constitutes the entire agreement and understanding between the Parties relating to the subject matter herein and supersedes all previous or contemporaneous oral or written representations, understandings or agreements between the Parties.

10.    The Parties agree that this Stipulated Order shall be governed by the Bankruptcy Code and/or the laws of the Commonwealth of Pennsylvania.

11.    Except as specifically set forth herein, this Stipulated Order is not intended to be and shall not be deemed, construed, or treated in any respect as an admission of liability or wrongdoing by any person or entity for any purpose.

12.    The terms and provisions of this Stipulated Order shall be construed in accordance with their plain meaning, without regard for any canons or principles of construction requiring interpretation against the party responsible for the preparation of same, or for any other inconsistent or contradictory canons or principles of construction.

13.    The Bankruptcy Court shall retain jurisdiction over the subject matter of this Stipulated Order to resolve all disputes arising under or relating to this Stipulated Order.

14.    This Stipulated Order shall in no way be construed to place nor shall it place any limitations on Crane's entitlement to pursue a recovery by settlement or judgment against the Additional Defendants named in the Action.

15.    From time to time after the date hereof, each party will execute and deliver such instruments and documents and do such further acts as may be reasonably requested by the other party in order to carry out the purpose of this Stipulated Order.

16.    The Parties respectfully request Bankruptcy Court approval of this Stipulated Order as an order of this Court modifying the automatic stay as set forth herein.

5325827

IN WITNESS WHEREOF, the Parties, by and through their counsel, intending to be

legally bound, have caused this Stipulation to be executed on the date set forth below.


OBERMAYER REBMANN                          VANORMER & ASSOCIATES
MAXWELL & HIPPEL LLP


By: _____               By: _____
    Michael D. Vagnoni, Esquire            for: Darrell N. VanOrmer, Jr., Esquire
    Centre Square West                          344 South Market Street
    1500 Market Street, Suite 3400              Elizabethtown, PA 17022
    Philadelphia, PA 19102                      Telephone: 717-367-6831
    Telephone: 215-665-3066                     Email: dvanormeresq@aol.com
    E-mail: michael.vagnoni@obermayer.com   BY DANIEL A. STEPHENSON, ESQ.
                                            Counsel to Robert W. Fisher, Jr.

    Counsel to Crane Cartage, LLC

    Dated: 10/2/18                          Dated: 10-2-2018


AND NOW, this _____ day of October, 2018, this Stipulated Order is hereby approved and
entered as an Order by the Bankruptcy Court.

                                            **Date: October 4, 2018**

_____
The Honorable Richard E. Fehling
Chief United States Bankruptcy Court Judge

5325827